1

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**

7                           **DISTRICT OF NEVADA**

8                                    * * *

9

10   **BRANCH BANKING AND TRUST**
     **COMPANY,**                                    2:12-cv-0453-KJD-NJK

11                    Plaintiff,

12          vs.                                       **ORDER**

13   **SMOKE RANCH DEVELOPMENT,**          Defendants' Renewed Motion to Extend
     **LLC, et al.,**                       Discovery Deadlines (#66)

14
                     Defendants.
15

16

17          This matter comes before the Court on Defendants' Motion to Extend Discovery

18   Deadlines (#66). The Court has considered the Defendants' Motion (#66), the Plaintiff's

19   Response (#70), and the Defendants' Reply (#72).

20                              **BACKGROUND**

21          The Defendants have requested a 90-day extension of the discovery cut-off date, the

22   deadline for dispositive motions, and the deadline for the proposed joint pre-trial order. Motion

23   to Extend (#66). The Defendants argue that additional time is needed for (1) the return on

24   Defendants' DOJ subpoena, (2) the return on Defendants' Equisource subpoena, (3) redeposing

25   Tamara Stidham, (4) redeposing Ron Fuqua, and (5) redeposing Kendal Britton.

26                              **DISCUSSION**

27          Applications to extend discovery deadlines must be supported by good cause for the

28   extension.  LR 26-4; Fed.R.Civ.P. 16(b)(4).

1      Here, the Defendants have requested a 90-day extension of discovery deadlines for two

2  main reasons: (i) the Defendants could not have anticipated that the DOJ and Equisource would

3  not respond to the subpoenas before the deadline; and (ii) the Plaintiffs produced documents

4  relevant to the depositions after the depositions already occurred, and therefore, continued

5  depositions are necessary.

6  A.    Subpoenas

7      Under Rule 45(c)(3)(A)(I), non–Parties are also entitled to "reasonable time" to comply

8  with subpoenas. Courts must determine what is reasonable based on the circumstances of each

9  particular case. *Fernandez v. Penske Truck Leasing Co.*, 2013 WL 438669, *1 (D. Nev. Feb. 1,

10  2013); citing *Paul v. Winco Holdings, Inc.*, 249 F.R.D. 643, 656 (D.Idaho 2008); see also *Todd v.

11  LaMarque*, C 03-3995 SBA, 2008 WL 564802, *3 (N.D. Cal. Feb. 28, 2008) (finding 20 days

12  was a reasonable amount of time to require production of investigation documents and appear in

13  court); *Watson v. State of Montana*, 2006 WL 2095420 (D. Mont. July 27, 2006) (finding

14  subpoena which ordered production of a large quantity of documents in one business day - the

15  day before trial - was unreasonable).

16      Here, the Defendants issued their subpoenas three weeks before the close of discovery.

17  Concerning the DOJ subpoena, the DOJ has requested additional time to produce the requested

18  documents because the Assistant United States Attorney who is handing the response to the

19  subpoena left on a two-week vacation a week before the production was due. Declaration of

20  William Schuller at 2, attached as Exhibit A to Motion (#66). As for the Equisource subpoena,

21  the Defendants have attempted to contact Equisource, but have yet to receive a response. Thus,

22  the Defendants argue, they could not have predicted that they would not receive responses to

23  their subpoenas in the allotted time.

24      However, the Defendants have not provided the Court with what documents were

25  requested with either subpoena.  Indeed, the Court has no information concerning what

26  documents, nor how many documents, were requested.  Accordingly, the Court cannot determine

27

28                                  2

1  whether three weeks was a reasonable amount of time to respond.  Due to this lack of

2  information, the Court finds that an extension of discovery to in order to receive the subpoena

3  returns is not appropriate at this time.

4  B.      Continued Depositions

5           1.      *Mr. Ron Fuqua and Ms. Tamara Stidham*

6           The Defendants assert that Mr. Ron Fuqua and Ms. Tamara Stidham must be re-deposed

7  because the Plaintiff did not make certain disclosures until February 8, 2013, which was after

8  Furqua and Stidham had been deposed.  This argument is not convincing.  The Plaintiff's

9  disclosures, which were made on February 8, 2013, were due on February 8, 2013.  Thus, it could

10  not have been a surprise to the Defendants when they received the disclosures on February 8,

11  2013.  Accordingly, these disclosures are not good cause for an extension of the discovery

12  deadlines.

13           2.      *Kendal Britton*

14           Concerning the deposition of Kendal Britton, the Defendants point to the fact that the

15  Plaintiffs did not disclose the Summary Appraisal Report completed by Kendal Britton until

16  February 12, 2013, which was after Britton was deposed.  The Defendants assert that they now

17  need time to depose Britton on the newly-disclosed Appraisal, because the Plaintiff may have

18  used the appraisal to receive a higher reimbursement from the FDIC.  The Plaintiffs admit that

19  they did not disclose the report until February 12, 2013, but claim that they did so inadvertently.

20  The Plaintiffs also claim that the appraisal has "little impact" on the current litigation; thus it

21  does not justify re-opening discovery.

22           When determining whether good cause exists to re-open discovery, the Court considers

23  the following factors:

24       1) whether trial is imminent, 2) whether the request is opposed, 3) whether the
         non-moving party would be prejudiced, 4) whether the moving party was diligent in
25       obtaining discovery within the guidelines established by the court, 5) the foreseeability of
         the need for additional discovery in light of the time allowed for discovery by the district
26       court, and 6) the likelihood that the discovery will lead to relevant evidence.

27

28                                                         3

1   *U.S. ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995) vacated on other

2   grounds, 520 U.S. 939 (1997) (citing *Smith v. United States*, 834 F.2d 166, 169 (10th Cir.1987).

3          Here, all but the second factor weigh in favor of finding good cause.  First, trial is not

4   imminent.  Trial has not yet been set and the joint pre-trial order is not due until April 17, 2013.

5   Second, the Plaintiff would not be prejudiced by a small re-opening of discovery for the purpose

6   of re-deposing one witness.  It was at the Plaintiff's error that the Defendants did not have all the

7   necessary documents for the initial deposition, and the Plaintiff therefore should have recognized

8   that the deposition would need to be continued. Third, the Defendants scheduled and conducted

9   Britton's deposition within the deadlines established by the Court, and thus were diligent.

10  Fourth, the Defendants could not have foreseen that the Plaintiff would inadvertently fail to

11  disclose the appraisal until after Britton's deposition. Fifth, the Defendants have represented to

12  the Court that, upon information and belief, they believe re-deposing Britton will lead to relevant

13  evidence, and the Plaintiff concedes that the appraisal does have an impact on the current

14  litigation.

15         Thus, having considered these factors, the Court finds that good cause exists to re-open

16  discovery for the limited purpose of re-deposing Britton, and that the other discovery deadlines

17  should also be extended accordingly. However, scheduling and conducting the continued

18  deposition should not take the requested 90 days.  Rather, the Court finds that the good cause to

19  re-open discovery only extends to a 21 day re-opening of discovery, for the limited purpose of

20  continuing the deposition of Britton.  A longer re-opening of discovery would highly prejudice

21  the Plaintiff and its right to a timely resolution of this matter.

22  ...

23  ....

24  ...

25  ...

26

27

28                                          4

1

<u>CONCLUSION</u>

2

Based on the foregoing, and good cause appearing therefore,

3

IT IS HEREBY ORDERED that the Defendants' Motion to Extend Discovery Deadlines

4

(#66) is **GRANTED in part;**

5

IT IS FURTHER ORDERED that discovery is re-opened for 21 days for the limited

6

purpose of continuing the deposition of Mr. Kendal Britton;

7

IT IS FURTHER ORDERED that the remaining discovery deadlines are extended as

8

folows:

9

• Discovery Cut-Off: April 1, 2013

10

• Deadline for Dispositive Motions: May 1, 2013

11

• Proposed Joint Pre-Trial Order: May 31, 2013

12

13

DATED this __11th__ day of March, 2013.

14

15

_____

16

NANCY J. KOPPE
United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28

5