UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| **BRANCH BANKING AND TRUST COMPANY,**<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>**SMOKE RANCH DEVELOPMENT, LLC, et al.,**<br><br>　　　　Defendants. | 2:12-cv-0453-KJD-NJK<br><br>**ORDER**<br><br>Defendants' Motion to Stay Proceedings (#34); |

This matter comes before the Court on Defendants' Motion to Stay Proceedings (#34). The Court considered the Defendants' Motion to Stay (#34), the Plaintiff's Response (#38), the Errata to its Response (#39), the Defendants' Reply (#42), the Defendants' Request for Judicial Notice (#40), and the Plaintiff's Response to the Request for Judicial Notice (#44).

## BACKGROUND

The Defendants have requested a stay in the instant action, in its entirety, for the earlier of ninety days or pending the Nevada Supreme Court's resolution of appeals regarding the retroactivity of Assembly Bill 273 legislation and the interpretation of NRS 40.451, NRS 40.459(1)(e) and NRS 40.495.

AB273 adds to and amends Nevada Revised Statutes Chapter 40 as to actions concerning real property and creditor/debtor rights. Since its passage, several Nevada state and federal trial courts have issued conflicting decisions regarding the applicability and interpretation of AB 273.

Presently, these decisions are before the Nevada Supreme Court on appeal. Oral arguments were heard on October 1, 2012, and the appeals have been submitted for decision.

In the present case, the Defendants have asserted affirmative defenses which are related to the matters on appeal to the Nevada Supreme Court.

## **DISCUSSION**

The Court has inherent power to control its docket, including the discretion to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). The determination of whether to stay proceedings is best determined by weighing the competing interests of the parties and of the Court. *Id*.

> "Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."

*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005); citing *Landis*, 299 U.S. at 268.

Here, the Defendants seek a stay to avoid any re-litigation of their defenses once a decision is made by the Nevada Supreme Court on relevant issues. Conversely, the Plaintiff opposes the stay on the grounds that the outcome of the Nevada Supreme Court appeals will not affect the entire case and that no good reason to delay discovery exists. The Plaintiff also argues that it should be permitted to pursue a judgment, without delay, because the Defendants are being pursued by other lenders for money judgments.

Having weighed the competing interests, the Court finds that staying the proceedings for the earlier of ninety days or pending the Nevada Supreme Court's decision is not appropriate. First, ninety days has passed since the Defendants filed their Motion to Stay (#34) and the Nevada Supreme Court has not reached a decision on Assembly Bill 273. Thus, it appears that a decision was not as imminent as the Defendants believed. Further, while a stay might simplify some questions of law which will affect dispositive motions, it might not. What is certain is that the Plaintiff will suffer both prejudice and hardship from any further delay in this case. A 90-day

stay is substantial and this case has already been delayed by the recent re-opening of discovery. Finally, the Defendants will not be prejudiced by moving forward with this case. The majority of the case is not affected by a decision on Assembly Bill 273, and any portion that is affected can be addressed once such a decision occurs. Also, this case has already been delayed by the re-opening of discovery. Thus, the Court finds that the competing interests weigh in favor of denying the stay.

## CONCLUSION

Based on the foregoing, and good cause appearing therefore,

IT IS FURTHER ORDERED that the Defendants' Motion to Stay Proceedings (#34) is **DENIED.**

DATED this  11th  day of March, 2013.

_____
NANCY J. KOPPE
United States Magistrate Judge