UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRANCH BANKING AND TRUST COMPANY, ) ) ) | |
| Plaintiff, ) ) | Case No. 2:12-cv-00453-KJD-NJK |
| vs. ) ) | **ORDER** |
| SMOKE RANCH DEVELOPMENT, ) LLC, et al., ) ) | |
| Defendants. ) ) | |

Before the Court is the Defendants Motion for Negative Inference or in the Alternative, Motion in Limine (#56) filed on January 25, 2013. The Court has considered the Defendants' Motion (#56), the Plaintiff's Response (#64), and the Defendants' Reply (#69).

Also before the Court is the Plaintiff's Counter Motion for Attorney Fees (#65). The Court has considered the Plaintiff's Motion (#65), the Defendants' Response (#71), and the Plaintiff's Reply (#75).

**BACKGROUND**

On or around September 26, 2005, Defendant Smoke Ranch Development, LLC allegedly executed a Promisory Note with a principal in the amount of $800,000, subject to a variable interest rate. Docket No. 56, at 3. The Variable Interest Rate provision of the Promisory Note indicated that the interest rate was subject to change based on LIBOR rates or, if the Lender so desired, a substitute index after notice to the Defendant. *Id*.

1  On January 20, 2013, the Defendants filed a Motion to Extend Deadline to Amend Answer and For Leave to File Amended Answer, which included an additional affirmative defense that their duty to perform is excused by reason of mutual mistake by the parties in the determination of LIBOR and the calculation of applicable interest rate. Docket No. 47-1, at 8. Two days later, on January 22, 2013, the Defendants sent the Plaintiff Branch Banking and Trust Company ("BB&T") a letter indicating that BB&T needed to produce documents relating to the computation of LIBOR. Docket No. 64 at 88. The Defendants stated that they recently disclosed documents indicating that LIBOR was improperly set. *Id.* The Defendants asserted that they would file the present motion requesting an adverse inference or motion in limine if BB&T did not produce documents relating to the computation of LIBOR *Id*.

The present motion was filed January 25, 2013. Docket No. 56. According to the Defendants, BB&T failed to provide a detailed computation of damages. *Id.*  Specifically, BB&T failed to provide information indicating how the variable interest rate was calculated and applied. *Id*. However, BB&T did provide documentation to the Defendants which indicated the principal balance of the note, the accrued interest under the note, and all the loan documents associated with this dispute. *Id.,* Docket No 64*.*

Nevertheless, the Defendants argue that the provided documentation is insufficient because BB&T has not shown, and likely cannot show, that LIBOR rates were properly set. Docket No. 56 at 8.  The Defendants base this assertion on the fact that LIBOR rates were manipulated by the banks responsible for contributing to the LIBOR calculation. *Id*. Therefore, according to the Defendants, the Court should infer that the Plaintiffs cannot calculate interest rates based on published LIBOR rates. *Id*.

The Defendants indicate that in order to determine the proper interest rate, the Plaintiffs would have to determine what LIBOR would have been if certain banks not manipulated it, and then apply that calculation to the determination of interest. *Id*.

...

...

...

**DISCUSSION**

**I.     Requested Relief**

Although the Defendants have brought this motion as a "Motion for Negative Inference or in the Alternative, Motion in Limine," in reality, this is a motion to compel. The Defendants, as evidenced by their motion and the letter dated January 22, 2013, are seeking documentation relating to how BB&T calculated the interest.

The Defendants' argument that BB&T likely cannot produce the documents they are seeking is premature. BB&T must be given a chance to respond to the Defendants' discovery request before they assert that BB&T cannot respond to the discovery request. Further, although the Defendants argue that "documents relating to the computation of [LIBOR]" should have been provided with initial disclosures, the Court disagrees. The Defendants' argument that the LIBOR scandal affects the amount of interest due is a new argument added by the Defendants on January 20, 2013. When making its initial disclosures, BB&T provided the Defendants with a calculation of damages, as required by Fed.R.Civ.P. 26. BB&T has no obligation to produce documents relating to the Defendants' LIBOR arguments months before the Defendants raised such arguments.

Additionally, the Defendants' argument that BB&T must provide detailed information regarding the calculation and application of LIBOR, including what LIBOR would have been had it not been manipulated by those with control over LIBOR, is severely misguided. The Promisory Note indicates that interest should be calculated based on LIBOR. Thus, it stands to reason that the Plaintiffs may calculate interest based on published LIBOR rates. Expecting the Plaintiffs to personally resolve the LIBOR manipulation scandal in order to collect the interest on a loan they allege is due, is not relevant to any of BB&T's claims and not a precedent this Court is willing to set.

The Defendants assert that they are seeking documentation relating to how BB&T calculated interest; therefore, the Court will evaluate the Defendants' motion as a Motion to Compel.

...

## II.     Meet and Confer

The initial inquiry here, as with any motion to compel, is whether the moving party has made adequate meet and confer efforts. Fed.R.Civ.P. 37(a)(2)(B) requires that a "party bringing a motion to compel discovery must include with the motion a certification that the movant has in good faith conferred or attempted to confer with the nonresponsive party." Similarly, Local Rule 26-7(b) provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have not been able to resolve the matter without Court action." LR 26-7. This Court has previously held that personal consultation means the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. V. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." *Id*. This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*. The mere exchange of letters does not satisfy the personal consultation requirement. *ShuffleMaster,* 170 F.R.D. at 172.

Here, three days before filing the present motion, the Defendants sent BB&T a letter requesting that BB&T "promptly supplement [its] damages' disclosures." Docket No. 64 at 88. A single letter does not satisfy the meet and confer requirement. See *ShuffleMaster,* 170 F.R.D. at 172. Additionally, this letter was provided to the Court by BB&T and the Defendants did not include any certification relating to a good faith effort to meet and confer before seeking court involvement. Therefore, it appears that the parties did not properly meet and confer. For that reason, the Court denies this motion.

...

**III.     Sanctions**

BB&T has requested sanctions pursuant to 28 U.S.C. § 1927. Under § 1927, "[a]ny attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.  Such sanctions must be based on a finding of subjective bad faith, which can be found when an attorney knowingly or recklessly raises a frivolous argument or raises an argument only to harass an opponent. *Pratt v. California*, 11 Fed. App'x 833, 835 (9th Cir. 2001).

The Court denies BB&T's request for sanctions at this time.

**CONCLUSION**

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that the Defendant's Motion for Negative Inference or in the Alternative, Motion in Limine (#56) is DENIED without prejudice.

IT IS FURTHER ORDERED that the Plaintiff's Counter Motion for Attorney Fees (#65) is DENIED without prejudice.

DATED this   23rd   day of May, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge