# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| **BRANCH BANKING AND TRUST COMPANY,** <br><br> Plaintiff, <br><br> vs. <br><br> **SMOKE RANCH DEVELOPMENT, LLC, et al.,** <br><br> Defendants. | 2:12-cv-0453-KJD-NJK <br><br> **ORDER** <br><br> Defendants' Motion to Stay Proceedings (#97); |

Before the Court is Defendants' Motion to Stay Proceedings (#97) filed on June 14, 2013.

## **BACKGROUND**

The Defendants have requested a stay in the instant action, in its entirety, pending the Nevada Supreme Court's resolution of appeals regarding the retroactivity of Assembly Bill 273 legislation and the interpretation of NRS 40.451, NRS 40.459(1)(e) and NRS 40.495.  The Defendants previously requested this exact same stay on December 7, 2012. Docket No. 34.  The Court denied that request on March 11, 2013, finding that the competing interests weigh in favor of denying the stay. Docket No. 74. In the present motion, the Defendants argue that a stay is appropriate because the parties dispute whether AB 273 applies in this case.

...

...

...

**DISCUSSION**

The Court has inherent power to control its docket, including the discretion to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). The determination of whether to stay proceedings is best determined by weighing the competing interests of the parties and of the Court. *Id*.

> "Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."

*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005); citing *Landis*, 299 U.S. at 268.

Here, the entirety of the Defendants' argument for why this case should be stayed is that, "given the recent status of the Action (dispute over the application of AB 273), good cause exists to issue a stay pending resolution of the AB 273 Appeals." The dispute the Defendants are referring to is the pending Motion for Summary Judgment filed on May 1, 2013. Docket No. 82. In that Motion, the Defendants argue that AB273 is applicable to this case. *Id*. In Response, the Plaintiff argues that it is not. Docket No. 88.

However, the dispute over the application of AB 273 is not "recent." In the Plaintiff's Opposition to the Defendants' previous Motion to Stay, the Plaintiff argued that "even if the Nevada Supreme Court rules on the AB 273 Appeals in the manner suggested by Defendants, there are numerous constructional and Constitutional reasons why AB 273 still does not apply to this case..." and "even assuming the Nevada Supreme Court addressed each particular issue, <u>its decision on such federal issues in not binding on federal courts</u>." Docket No. 38 at 9 (emphasis in original).

...

...

...

...

Thus, the dispute over the application of AB 273 is not a new "status of the Action." Further, the Defendants make no arguments concerning *why* the dispute over the application of AB 273 creates good cause nor how it is sufficient to justify a stay. Accordingly, the Court finds that the Defendants have not presented any reason for a stay. The Court maintains its previous finding that the competing interests weigh in favor of denying a stay. *See* Docket No. 74.

## **CONCLUSION**

Based on the foregoing, and good cause appearing therefore,

IT IS ORDERED that the Defendants' Motion to Stay Proceedings (#97) is **DENIED.**

DATED this  24th  day of June, 2013.

_____
NANCY J. KOPPE
United States Magistrate Judge