UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRANCH BANKING AND TRUST COMPANY, a North Carolina banking corporation,<br><br>Plaintiff,<br><br>v.<br><br>SMOKE RANCH DEVELOPMENT, LLC, a Nevada limited liability company; YOEL INY, an individual; NOAM SCHWARTZ, an individual; YOEL INY, Trustee of the Y & T INY FAMILY TRUST dated June 8, 1994, as amended; NOAM SCWARTZ, Trustee of the NOAM SCHWARTZ TRUST dated August 19, 1999; D.M.S.I., LLC, a Nevada limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:12-cv-00453-APG-NJK<br><br>**ORDER DETERMINING DEFICIENCY AMOUNT** |

On September 26, 2014, I entered partial summary judgment in favor of plaintiff Branch Banking and Trust Company ("BB&T") finding the defendants liable under the Promissory Note and Guaranties at issue in this case. (Dkt. #130.) I ordered that the amount of the judgment would be determined at a deficiency judgment hearing under NRS § 40.457. I conducted that deficiency hearing on December 16, 2014. I later ruled that the parties are entitled to a jury trial on the questions of the amount of the debt owed and the price paid at the trustee's sale, but not as to the fair market value of the property at the time of the trustee's sale. (Dkt. #146.)

Subsequently, the parties stipulated that on February 29, 2012, the property that is the subject of this litigation was sold to BB&T at a non-judicial trustee's sale for a credit bid in the amount of $436,000.00. (Dkt. #165.) On June 8, 2015, in open court, the parties read into the record their stipulation that the amount of the debt as of February 29, 2012 was $821,092.45. (*See also* Exh. 18 at BBT_SR1382.) Thus, the only remaining question is the fair market value of the subject property. I resolve that question in this Order, based upon the evidence and arguments

presented during the December 14, 2014 deficiency hearing. I hereby incorporate by reference the findings of fact and conclusions of law set forth in my September 26, 2014 Order granting partial summary judgment in favor of BB&T. (Dkt. #130.)

The Promissory Note at issue in this case was secured by a Deed of Trust encumbering a parcel of real property located in Clark County, Nevada (the "Smoke Ranch Property"). The Smoke Ranch Property is a 2.63 acre parcel of vacant land along the south side of Smoke Ranch Road, between Buffalo Road and Tenaya Way. The property is shaped like a flag, with a long, narrow section (the "flag pole") providing access from Smoke Ranch Road to a larger, rectangular section on the south end of the parcel. The parties' respective experts (and I) agree that the highest and best use of the property is low-to medium-intensity commercial development that does not require significant street visibility. (Plaintiff's Exh. 24 at 54; Defendants' Exh. 8 at 70.)[1]

BB&T's expert (Kendal Britton) accorded no value to the flag pole portion of the property, nor did he count the square footage of that portion in the total valuation. He calculated the value of the larger portion of the property to be $3.00 per square foot as of February 29, 2012. Based on 91,500 square feet (not including the flag pole section), he determined the fair market value to be $275,000 (rounded up from $274,500).

Defendants' expert (Charles Jack) opined that the entire property, including the flag pole portion, had a value of $4.10 per square feet as of February 29, 2012. Based on 114,563 square feet, he calculated the fair market value of the property to be $470,000 (rounded up from $469,707).

I find that the flag pole portion has some limited value because it could be used for a mini-storage facility or some other commercial use. In an appraisal of this same property several years before, Mr. Britton (BB&T's expert) opined that the value of this portion was estimated to be one-third the value of the main section of the property. The size, zoning, and characteristics of

---

[1] References to exhibits are to the parties' respective exhibits admitted during the deficiency hearing.

the property have not changed since then, and I agree that the flag pole portion should be valued at one-third of the value of the larger portion.

Based on the evidence and testimony presented at the deficiency judgment hearing, I agree with Mr. Britton that the fair market value of the larger portion of the property was $3.00 per square foot. I also find that the flag pole portion was valued at one-third of that amount. Therefore, the fair market value of the Smoke Ranch Property as of February 29, 2012 was $300,000. I calculate that as follows:

$274,500 for the larger portion ($3.00 per square foot x 91,500 square feet)

$23,000 for the flag pole portion ($1.00 per square foot x 23,000 square feet)

Rounded up to $300,000.

BB&T is entitled to recover a deficiency judgment against the defendants pursuant to NRS §40.455. NRS § 40.459(1) provides that the deficiency judgment shall not be for more than:

(a) The amount by which the amount of the indebtedness which was secured exceeds the fair market value of the property sold at the time of the sale, with interest from the date of the sale; [or]

(b) The amount which is the difference between the amount for which the property was actually sold and the amount of the indebtedness which was secured, with interest from the date of sale; . . .

whichever is the lesser amount.

Because the amount paid at the trustee's sale ($436,000) was greater than the fair market value of the property at the time of the sale ($300,000), the calculation pursuant to § 40.459(1)(b) yields the lesser amount. Therefore, the deficiency amount is $385,092.45 (calculated as $821,092.45 - $436,000.00) plus interest from February 29, 2012 to the date of judgment.

////

////

////

////

////

////

3

Within 10 days of entry of this Order, BB&T shall submit a brief calculating the interest owed on the deficiency amount. If the parties cannot agree on that calculation, defendants shall submit an objection to that calculation within 10 days of BB&T's brief.

DATED this 9th day of June, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE