|   |   |   |
|---|---|---|
| 1 | **UNITED STATES DISTRICT COURT** | |
| 2 | **DISTRICT OF NEVADA** | |

| | | |
|---|---|---|
| BRANCH BANKING AND TRUST COMPANY, | | Case No. 2:12-cv-00453-APG-NJK |
| Plaintiff, | | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR NON-TAXABLE COSTS** |
| v. | | |
| SMOKE RANCH DEVELOPMENT, LLC, *et al.*, | | (ECF No. 203) |
| Defendants. | | |

Plaintiff Branch Banking and Trust Company previously moved for an award of attorney's fees and non-taxable costs incurred in connection with this matter. I denied BB&T's request for non-taxable costs because it was unclear what costs BB&T was seeking as non-taxable costs. However, I granted BB&T leave to file a new motion for non-taxable costs.

BB&T renews its motion for non-taxable costs in the amount of $11,399.12 and attaches in support a declaration and a spreadsheet purporting to show costs incurred in this action. The defendants oppose, arguing that the description of certain costs is inadequate to determine what the cost was, whether it was related to this litigation, and whether it was reasonable. Specifically, the defendants object to the following items as not sufficiently described: (1) cost items for "Deposition of Haskel Iny"; (2) cost items for "Deposition of Ron Fuqua"; (3) cost items for "Deposition of Teresa Griswold and Charles Jack"; (4) "Hearing re MSJ"; and (5) Westlaw research. The defendants also object to paying for travel expenses for the plaintiff's counsel to attend hearings in Las Vegas because they contend plaintiff's counsel's firm has competent attorneys in Las Vegas who could have handled the matters without incurring those expenses. Finally, the defendants object to two entries related to BB&T's appraiser.

BB&T responds that the agreements between the parties do not condition the recovery of fees on reasonableness. BB&T also argues the travel expenses were reasonably incurred because

counsel had expertise in the relevant areas of law.  As to the expert costs, BB&T argues the costs were reasonably incurred in preparing the expert for deposition and trial.

**I. LEGAL STANDARD**

Non-taxable costs are recoverable on a motion to the court under Rule 54(d)(2). Fed. R. Civ. Proc. 54(d)(2); *see also* LR 54-16(b)(2) (a motion for attorney's fees must include "[a]n itemization of all costs sought to be charged as part of the fee award and not otherwise taxable pursuant to LR 54-1 through 54-15").  An award of costs involves a two-step inquiry.  I must first determine who is a "prevailing party" under Rule 54, and then I must determine "how much (if any) costs should be awarded to the prevailing party." *Shum v. Intel Corp.*, 629 F .3d 1360, 1366 (Fed. Cir. 2010); *Ass'n of Mex.-Am. Educators v. Cal.*, 231 F.3d 572, 593 (9th Cir. 2000) (noting that district courts have discretion in choosing to award costs under Rule 54(d)).  There is a presumption in favor of awarding costs to the prevailing party. *Dawson v. City of Seattle*, 435 F.3d 1054, 1070 (9th Cir. 2006).  To overcome this presumption, the losing party must establish a reason to deny costs. *Id.*

As stated in my prior order, BB&T is a prevailing party who is entitled to recover some non-taxable costs under the loan documents. ECF No. 199.  Thus, the only question is what amount, if any, BB&T should be awarded.

**A. Deposition of Haskel Iny**

The spreadsheet identifies various costs items that are described only as "Deposition of Haskel Iny." ECF No. 199-1 at 5.  These items are not sufficiently described for me to determine whether the costs incurred were reasonable.  BB&T contends it need not show its costs were reasonable because the loan documents do not limit recovery to reasonable costs.  However, every contract has an implied covenant of good faith and fair dealing. *See Ins. Co. of the W. v. Gibson Tile Co.*, 134 P.3d 698, 702 (Nev. 2006).  Consequently, BB&T cannot seek unreasonable or unrelated costs.  Because BB&T has not adequately described these requested costs, I deny them.

/ / / /

### B. Deposition of Ron Fuqua

The spreadsheet identifies various costs items that are described only as "Depo of Ron Fuqua" or "Deposition of Ron Fuqua." ECF No. 203-1. Because BB&T has not adequately described these requested costs, I deny them.

### C. Deposition of Teresa Griswold and Charles Jack

The spreadsheet identifies various costs items that are described only as "Deposition of Teresa Griswold and Charles Jack." *Id.* Because BB&T has not adequately described these requested costs, I deny them.

### D. MSJ Hearing

The spreadsheet identifies various costs items that are described only as "5/20 Hearing re MSJ" or "5/20 MSJ Hearing." *Id.* Because BB&T has not adequately described these requested costs, I deny them.

### E. Westlaw and Lexis Research

Several entries refer to Westlaw or Lexis. The requested amounts are reasonable in light of the legal research that would be needed in a case such as this one. I therefore award these costs.

### F. Travel

I will award BB&T its travel-related expenses. BB&T was entitled to choose its counsel based on the expertise needed to litigate the case. BB&T did not know whether it would prevail, so there is no indication that it chose counsel to unreasonably drive up costs. The requested amounts appear to be reasonable for the items described. I therefore award these costs.

### G. Expert Preparation

The spreadsheet lists an entry on February 14, 2013 for $600 for preparing the appraiser for a deposition. ECF No. 203-1 at 5. It lists another entry on December 22, 2014 for $1,800 for expert testimony by the appraiser. These costs are reasonable. I therefore award these costs.

/ / / /

/ / / /

**II. CONCLUSION**

IT IS THEREFORE ORDERED that plaintiff Branch Banking and Trust Company's renewed motion for non-taxable costs **(ECF No. 203) is GRANTED in part and DENIED in part**. BB&T is awarded **$9,496.98** in non-taxable costs. The clerk of court is instructed to amend the Judgment (ECF No. 200) accordingly.

DATED this 28th day of April, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE